[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE
The defendants, the town of Darien and its Planning Zoning Commission, as well as a number of municipal officers and officials, have moved (#120) to reargue this court's decision of July 10, 2000, denying their motion for summary judgment. As pointed out in that decision, there are genuine issues of material fact regarding the conditions imposed by the defendants and whether the plaintiff waived any claim of illegality as to those conditions. These issues in themselves prevent the granting of summary judgment.
The defendants argue that their motion for summary judgment presented other claims which warrant the entry of a summary judgment in their CT Page 9904 favor. The first pertains to the three-year statute of limitations for torts as set forth in General Statutes § 52-577. The activities of the defendant Planning and Zoning Commission took place in 1988, according to the defendants, and this case began in 1997. The plaintiff, however, purports to brings this action under General Statutes § 52-592
(d), the accidental failure of suit statute pertaining to actions first brought in the federal court system which were "dismissed without trial upon its merits or because of lack of jurisdiction in such court." The plaintiff contends that this present action, which commenced in May, 1997, was brought within one year after the United States Supreme Court denied certification in October, 1996. The plaintiff also points out that one of the deeds to a "moderate income" condominium unit was recorded on April 4, 1991, and the federal action began of April 2, 1993. Because, on a summary judgment motion, the issues must be resolved in the light most favorable to the nonmovant, the disposition of the motion for summary judgment will not be changed . . .
The defendants have presented other theories which they claim justify reargument of their motion for summary judgment. The defense of res judicata or claim preclusion does not seem applicable because the present action in this court contains certain claims such as taking without compensation, violation of due process and a denial of equal protection, under the Connecticut Constitution, which have not already been decided on their merits. Nancy G. v. Dept. of Children Families, 248 Conn. 672,681, 733 A.2d 136 (1999).
The claim that the Connecticut Constitution does not provide a cause of action for any of the plaintiff's claims is doubtful because of PortClinton Associates v. Board of Selectman, 217 Conn. 588, 606, 587 A.2d 126, cert. denied, 502 U.S. 814, 112 S.Ct. 64, 116 L.Ed.2d 39 (1991), and should have been tested by a motion to strike in any event.
The defendants further contend that they are all immune from liability pursuant to General Statutes § 52-557n (b)(7) regarding the issuance or denial of permits and licenses. However, there is an exception if the issuance is not a "discretionary function." The plaintiff claims that in denying a certificate of zoning compliance unless the plaintiff deeded two condominium units to the town of Darien, which, according to the plaintiff, constitutes extortion, is not necessarily discretionary conduct. This claim also appears to run counter to General Statutes § 7-465, concerning liability of an employee of a municipality for damages based on conduct within the scope of his employment.
The defendants also claim that the plaintiff failed to exhaust his administrative remedies. "An administrative remedy is futile or inadequate if the agency is without authority to grant the relief CT Page 9905 requested." Fish Unlimited v. Northeast Utilities Service Co., 254 Conn. 1,14, ___ A.2d ___ (2000). Exhaustion is not required where the relief sought, "punitive damages [and] reasonable attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988," could not be provided by the administrative agency. Cumberland Farms, Inc. v. Groton, 247 Conn. 196,217, 719 A.2d 465 (1998) (". . . the court could do no more than remand the case to the board for reconsideration if it agreed with the plaintiff It could not award any monetary damages.")
In short, this case is not a candidate for summary judgment. For over three years the parties have been engaged in motion practice, but the case should be submitted to a fact finder to determine exactly what happened with the two condominium units and why. After that occurs, the next issue will be whether the facts give rise to a viable cause of action. Therefore, the motion to reargue is denied.
Dated at Stamford, Connecticut, this 28th of August, 2000.
William B. Lewis, Judge